THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE No. 1:09cv179
[Criminal Case No. 1:06cr251-5]

| | |
|---|---|
| JOHN EDWARD PATTERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | MEMORANDUM OF DECISION |
| ) | <u>AND ORDER</u> |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, [Doc. 1], and Respondent's Motion for Summary Judgment. [Doc. 10].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 3, 2006, Petitioner was indicted for conspiracy to possess with intent to distribute cocaine base in an amount in excess of 50 grams, in violation of 21 U.S.C. §§ 841 and 846. [Criminal Case 1:06cr251, Doc. 3]. Petitioner was appointed counsel and later entered into a Plea Agreement with the Government wherein he agreed to plead guilty to the single count of the Indictment. Petitioner was made aware that based on his plea he faced no fewer than 10 years imprisonment and no more than life in prison.[Id., Doc. 97 at 1 ¶ 2].

Pursuant to the Plea Agreement, Petitioner stipulated that the quantity of cocaine base for which he was responsible was in excess of 150 grams but less than 500 grams. [Id. at 2 ¶ 5]. Petitioner further stipulated that if the Probation Office determined that his criminal history qualified him as a Career Offender under § 4B1.1 of the U.S. Sentencing Guidelines (USSG), then such finding may be used by the Court in determining his active term of imprisonment. [Id.].

The Probation Office submitted to the Court a presentence investigation report ("PSR") which found that Petitioner was responsible for in excess of 150 grams but less than 500 grams of cocaine base, just as the Petitioner had stipulated. [Id., Doc. 364, PSR at ¶ 36]. The PSR also stated that Petitioner would be subject to a mandatory minimum sentence of 10 years, and that he faced a statutory maximum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A). Based on Petitioner's prior felony convictions for common law robbery and taking indecent liberties with a child, the PSR stated that Petitioner qualified as a Career Offender under the Guidelines. The application of this enhancement increased Petitioner's Guideline Range from 235 - 293 months to 262 - 327 months. See USSG § 4B1.1(b). His statutory minimum and maximum, however, remained unchanged.

Prior to his sentencing hearing, Petitioner filed a written objection to his

classification as a Career Offender contending that his indecent liberties conviction did not qualify as a "crime of violence" under § 4B1.1 of the Guidelines. Accordingly, Petitioner argued that as he had only one prior qualifying conviction, common law robbery, the Career Offender enhancement could not be applied.

During his sentencing hearing, Petitioner's counsel withdrew this objection based on a Fourth Circuit case, United States v. Pierce, 278 F.3d 282 (4th Cir. 2002), which held that a conviction for taking indecent liberties was a crime of violence for the application of the Career Offender enhancement, and thus Petitioner qualified as a Career Offender. [Id., Doc. 269: Sentencing Transcript at 4]. Following arguments of counsel, and allocution from the Petitioner, the Court found that Petitioner's Guideline range to be 262 months to 327 months, granted the Government's Motion for Downward Departure pursuant to USSG §5K1.1, and Petitioner was ultimately sentenced to 210 months' imprisonment. [Id., Doc. 227: Judgment in a Criminal Case at 2].

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. He challenged both his conviction and sentence. The Court noted that Petitioner pled guilty pursuant to a written plea agreement, and that pursuant to Fed. R. Crim. P. 11(c)(1)(B), Petitioner stipulated that the Career Offender

designation in the Guidelines "may be used" in calculating his sentence. United States v. Patterson, 322 F. App'x 273, 274 (4th Cir. 2009) (unpublished). Petitioner's appellate counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), after concluding that there were no meritorious issues for appeal. Petitioner's counsel, however, did question whether Petitioner's guilty plea was knowingly and voluntarily entered and whether Petitioner received ineffective assistance of counsel during his plea and sentencing. Patterson, 322 F. Appx. at 274.

The Court rejected Petitioner's challenge to the voluntariness of his guilty plea, and concluded that ineffective assistance of counsel did not appear "conclusively on the face of the record." Id. (internal citation omitted). The Court observed that Petitioner's Plea Agreement specifically provided that he might be sentenced as a Career Offender. Id. at 274-75.

Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. Instead, he filed the present Section 2255 motion wherein he challenges only his sentence. Petitioner moves the Court to vacate his sentence and resentence him without the designation as a Career Offender. [Doc.1 at 13].[1] The Government has filed its response and a motion

---

[1] Petitioiner was sentenced by the Hon. Lacy H. Thornburg. Judge Thornburg has since retired, so this matter has been assigned to the undersigned.

4

for summary judgment, and Petitioner has replied following an Order advising him of his obligation in responding to a motion for summary judgment. [Doc. 11: Roseboro Order].

## II. STANDARD OF REVIEW

At the time the Respondent's Motion for Summary Judgment was filed, Rule 56(c) of the Federal Rules of Civil Procedure provided that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2009).[2] The Rule further provided, in pertinent part, as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2009).

On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues of fact for trial. Once

---

[2] Rule 56 has since been amended, but the amendment is not germane to the application of the Rule to this case.

5

the moving party has met that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation marks, citations, and footnote omitted).

### III. DISCUSSION

Petitioner raises two issues: 1) whether his sentence was improper and 2) whether his counsel was ineffective for having failed to pursue the objection to the Career Offender enhancement. [Doc. 1 at 4].

**A.     Improper Sentence**

Petitioner alleges that his sentence was improper, asserting "Sentencing court erred in sentencing petitioner as a career offender." [Id.]. Petitioner's claim, however, must fail because he has waived this right to challenge the judgment on this point and this issue has been conclusively determined against Petitioner.

As an initial matter, the Court notes that the Petitioner has waived any right he may have had to raise this issue on appeal or in a colatteral proceeding. His plea agreement specifically states that

> Defendant [Patterson] and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. §3742, 28 U.S.C. §2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.
>
> Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for (1) claims of ineffective assistance of counsel, (2) prosecutorial misconduct, or (3) the reasonableness of any upward variance from the applicable Guideline range.

[Criminal Case No. 1:06cr251, Doc. 97 at 5 ¶18].

Since Petitioner did not preserve any right to challenge the calculation of his Guideline Range or any other sentencing enhancement, he is precluded from presenting his argument in his petition under §2255. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).[3]

Petitioner appealed his conviction and his sentence to the Court of Appeals, and that appeal also precludes his raising this issue on collateral

---

[3] Petitioner makes no argument that his waiver was not knowing or voluntary.

review. His attorney filed an Anders brief, and the Court undertook a review of the matter. It found no meritorious issues for appeal and affirmed. United States v. Patterson, 322 Fed. Appx. 273 (4th Cir. 2009). Therefore, to the extent that Petitioner could have raised this enhancement issue, it has been adjudicated against him. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

Even though Petitioner's argument on the point is unclear, he appears to be asserting that he is not bound by the result of his appeal because "controlling legal authority has changed dramatically" and "a blatant error in the prior decision [District Court's judgment] will, if left uncorrected, result in a serious injustice." [Doc. 13 at 2 (citing Bell 5 F.3d at 67)]. The change in controlling authority Petitioner asserts is found in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and United States v. Thornton, 554 F.3d 443 (4th Cir. 2009). Petitioner's argument, however, is without merit. Both Begay and Thornton pertain to the definition of a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C.§ 924, with Begay answering the question of whether a conviction for driving while impaired (DWI) is a "violent felony" and Thornton addressing a conviction for statutory rape. The question in Petitioner's case pertained to a conviction for taking indecent liberties with a child and whether it constitutes a "crime of violence" under a very different provision, that being the Career Offender

8

enhancement of USSG § 4B1.1. As such, neither case is "controlling."[4] In addition, the District Court's decision cannot constitute "blatant error" for failing to follow Begay or Thornton because they were not decided until after Petitioner's sentencing, and neither case addresses the specific point at issue regarding Petitioner's enhancement.

Even though the question of the Career Offender enhancement was not raised on appeal, it was nonetheless decided against Petitioner in that appeal. The failure to present an issue on direct appeal bars the presentation of that issue on collateral review. Stone v. Powell, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); United States v. Pettiford, 612 F.3d 270, 281-82 (4th Cir. 2010). "Habeas review is an extraordinary remedy that will not be allowed to do service for an appeal." Bousley v. United States, 523 F.3d 614, 621 (4th Cir. 1998).

The Court notes that the application of a sentencing enhancement is "generally not cognizable on a §2255 motion." Welch v. United States, 604 F.3d 408, 412 (7th Cir. 2010). This would be particularly true in a case such as this one, where the enhancement pertains to the calculation of Petitioner's

---

[4] Both cases were decided after Petitioner's sentencing. He does not even address the issue of whether either case is applicable retroactively, and presents no authority in support of his position. Begay has only been held retroactive where the negation of the enhancement reduces the statutory maximum to a level below what the statutory minimum had been with the enhancement (there ACCA). Welch v. United States, 604 F.3d 408 (7th Cir. 2010). That is clearly not the case here.

9

Guideline Range, but Petitioner was actually sentenced well below that range.

Since Petitioner cannot challenge the application of the enhancement, the only argument he has preserved regarding the impropriety of his sentence is that it was "in excess of the maximum authorized by law." 28 U.S.C. § 2255; See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Petitioner received a sentence of 210 months, and his statutory maximum was life imprisonment. Hence, Petitioner has not met this burden either.

For these reasons, Petitioner has failed to show that his sentence is improper under the law, and the Respondent is entitled to Judgment as a matter of law on this issue.

**B.    Ineffective Assistance of Counsel**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689, 104 S.Ct. 2052. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir.

1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

In this matter, Petitioner claims that counsel was ineffective for having failed to advocate the inapplicability of the Career Offender enhancement. Petitioner's claim fails the performance prong of the Strickland test.

Trial counsel raised, but then abandoned, the objection to the Career Offender enhancement based upon United States v. Pierce, 278 F.3d 282 (4th Cir. 2002), which is directly on point. Following existing precedent is well within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. 2052.

Petitioner's complaint regarding appellate counsel fares no better. Counsel is given wide latitude in determining which potential appellate issues have merit and have the best chance of success. Jones v. Barnes, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); Fisher v. Lee, 215 F.3d

438, 457 (4th Cir. 2000). Certainly, counsel is not expected to predict the future. United States v. Fields, 565 F.3d 290, 296 (5th Cir. 2009) ("Counsel need not anticipate changes in the law."). Petitioner relies on the idea that Pierce was overruled by Thornton. The Government correctly argues that this contention is erroneous. As pointed out above, the issues are different, pertaining to two different underlying crimes and applying two different enhancements (one statutory and the other under the USSG). [Doc. 9 at 10-18]. The two decisions are not necessarily inconsistent. Moreover, the question of what does and what does not constitute a "crime of violence" or a "violent felony" has vexed the appellate courts. See, Sykes v. United States, ___ U.S. ___, 131 S.Ct. 2267, 2285, 180 L.Ed2d 60, 83 (2011), Scalia, J. dissenting ("Today's opinion produces a fourth ad hoc judgment that will sow further confusion [on the definition of 'violent felony']").

Whether Thornton overruled Pierce, however, is irrelevant. Thornton was decided after Petitioner's appeal. Petitioner argues that appellate counsel should have been on notice that the law was changing based on Begay. While Begay may have given some support to the proposition that Pierce was incorrectly decided, it pertains to a very different situation - addressing a conviction for DWI rather than indecent liberties with a child. Moreover, at the time of the appeal Petitioner's appellate counsel was faced

with a 4th Circuit case on point (Pierce) that was directly adverse to his client's position.  Declining to advocate for the overturning of precedent is a considered professional decision.  It is particularly so in the face of the Petitioner (there appellant) having waived any right to appeal on that point.  Therefore, it cannot constitute ineffective assistance.

If Petitioner's sentencing were being conducted today, he would have an argument that the Career Offender enhancement should not apply.  That argument may or may not be successful.  In a habeas proceeding, however, that is not the test.  Whenever an appellate court modifies or overturns precedent it does not serve to require the District Court to return to all concluded cases to re-examine them in light of the change.  It clearly does not do so when the appellate court's action is less than a clear overturning of prior precedent.  It certainly does not require reexamination when it is presented in the posture of whether petitioner's counsel was ineffective for having been insufficiently clairvoyant.

For these reasons Petitioner has failed to show that either his trial counsel or his appellate counsel provided ineffective assistance, and the Respondent is entitled to Judgment as a matter of law on this issue.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court declines to issue

13

a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 1039-1041, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Respondent's Motion for Summary Judgment [Doc. 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 motion [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 26, 2012

Martin Reidinger
United States District Judge